IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYLE HAMILTON BATEMAN, | ) | |
| #05036940, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1400-P |
| | ) | |
| MARK E. WEWERS, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties: At the time of filing this action Plaintiff was incarcerated at the Dallas County Jail in Dallas, Texas. He is presently residing in Dallas, Texas.[1]

Defendants are retained counsel Mark E. Wewers, Dallas County District Attorney Bill Hill, Collin County District Attorney John Roach, Michael D. Rubin, and ex-wife Monika

---

[1] The Court Clerk does not have any record of when Plaintiff's mailing address was changed in this case or in Plaintiff's two other cases in this court, see Nos. 3:05cv1423 and 3:05cv1527. Nevertheless, the Dallas County Jail has confirmed that Plaintiff was released from custody on October 20, 2005.

Claudine Rubin (formerly Monika Claudine Bateman).

The court has not issued process in this case. However, on August 17, 2005, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his answers on September 13, 2005.

Statement of Case: On May 9, 2005, the 302nd Judicial District Court of Dallas County, Texas, found Plaintiff in criminal and civil contempt of court in Cause No. DF-97-03519-U, for failing to pay child support. Specifically the court ordered that Plaintiff be confined in the Dallas County Jail "until the fine of $500.00 . . . is paid and until the imprisonment of 180 days ha[s] been discharged." (Exhibits attached to Plaintiff's Motion for Leave to File Exhibits, filed on September 12, 2005). The court further ordered that Plaintiff be confined "until he has complied with any and all coercive requirements of said order until said person is otherwise legally discharged." (Id.). During the contempt hearing, Plaintiff was served with notice of a detainer lodged by Collin County, Texas, based on an indictment for criminal nonsupport of his two children in Cause No. 380-80937-05. (See Third Motion to Amend filed on Aug. 30, 2005).

In this action, Plaintiff alleges that Defendants conspired to have him incarcerated in violation of his constitutional and parental rights. (Complaint at 3-4). He further alleges that Defendant Wewers rendered ineffective assistance of counsel in connection with the contempt proceeding, and misappropriated attorney fees. (Id.). He requests monetary damages from each of the Defendants. (Id. at Exh. A).

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). <u>See also</u> 28 U.S.C. § 1915(e)(2)(B).

Section 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff seeks to sue Defendant Wewers under 42 U.S.C. § 1983 for ineffective assistance of counsel in connection with the contempt proceeding. Section 1983 affords redress only for conduct committed by a person acting under color of state law.[2] Neither appointed nor retained counsel acts under color of state law in representing a defendant. <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 324, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); <u>Mills v. Criminal Dist. Court No. 3</u>, 837 F.2d 677, 678 (5th Cir. 1988) (court appointed counsel are not official state actors); <u>Russell v. Millsap</u>, 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law). As such the conduct

---

[2]   42 U.S.C. § 1983 provides, in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

of Defendant Wever in representing Plaintiff during the contempt proceeding is not cognizable under § 1983, and Plaintiff's claims against this Defendant should be dismissed.

In answer to the questionnaire, Plaintiff concedes that Bill Hill, Dallas County District Attorney, was not involved in the contempt proceedings. (See Answer to Question 7). This Defendant should therefore be dismissed.

With respect to any claim seeking to challenge the pending Collin County criminal charge, venue is not proper in the Northern District of Texas. 28 U.S.C. § 1391(b). The events giving rise to this claim occurred in Collin County, which is located in the Eastern District of Texas, Sherman Division. 28 U.S.C. § 124(c)(3). Therefore, Plaintiff's claims against John Roach, Collin County District Attorney, should be dismissed without prejudice because venue in the Northern District of Texas is improper. 28 U.S.C. § 1406(a).[3]

Plaintiff's conspiracy claims against the remaining defendants, Monika and Michael Rubin, are also subject to dismissal at the screening stage. First, Plaintiff has failed to allege that these Defendants acted under color of state law in conspiring to deprive him of his constitutional rights. See § 1983, *supra*. Second, even if state action were established, the conspiracy claims are connected to the legality of the contempt order. A finding in favor of Plaintiff on the claims against these Defendants would imply the invalidity of the underlying contempt order.

Under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the court must dismiss a civil action based on the legality of a prior criminal conviction or sentence

---

[3] A magistrate judge in the United States District Court for the Eastern District of Texas recently recommended that Petitioner's federal habeas corpus action, challenging the Collin County detainer, be dismissed for failure to exhaust state court remedies. See Bateman v. Valdez, 4:05cv0283 (E.D. Tex., Sherman Div.).

4

unless a court has determined that the conviction or sentence is in fact invalid or otherwise legally infirm. Id. at 486-87, 114 S. Ct. at 2372. The same principle applies to a civil action challenging the legality of a contempt citation. See Crenshaw v. Jones, 2003 WL 21662824 (N.D. Tex. Jul. 14, 2003) (findings, conclusions and recommendation extending Heck to an action challenging a contempt order), adopted by the District Court on July 29, 2003.

The record in this case does not indicate that such a determination has ever been made. On the contrary, Plaintiff concedes that he has neither appealed the contempt order (see Answer to Question 5), nor filed any other action in a Texas state court seeking relief from the same (see Answer to Question 6). Moreover, a search of the U.S. Party/Case Index confirms that Plaintiff's federal habeas corpus petition in this court, challenging the contempt order, has been dismissed for failure to exhaust state court remedies. See Bateman v. Valdez, 3:05cv1423 (N.D. Tex., Dallas Div., July 29, 2005). Plaintiff is therefore precluded from maintaining a civil cause of action unless and until he receives a ruling declaring the contempt order invalid. Heck, 512 U.S. at 488-89; accord Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of Heck, he is barred from any recovery . . . .").

Therefore, Plaintiff's complaint against Monika and Michael Rubin should be dismissed as frivolous because it fails to satisfy the jurisdictional requirements of § 1983 or in the alternative because the underlying contempt of court order has not been expunged, reversed or otherwise set aside. See Clarke v. Stadler, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (dismissing Heck barred claim without prejudice); Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir.

5

1996) (noting that a § 1983 claim which falls under the rule in <u>Heck</u> is legally frivolous).

Plaintiff has filed several motions for leave to amend the complaint. In his first motion filed on August 23, 2005, he seeks to add as Defendants Allen Kesler, Special Operations Field Investigator for the Child Support Division of the Attorney General's Office, and Michelle L. Voirin, Assistant District Attorney in Collin County. He alleges that these Defendants participated in the conspiracy to violate his constitutional rights through their involvement in the filing of the Collin County indictment. In his second motion filed on August 30, 2005, Plaintiff seeks to add as Defendant the Sheriff of Dallas County for denying good-time credits on his 180-day sentence for contempt of court. Lastly, in his third motion, also filed on August 30, 2005, Plaintiff seeks to add a claim challenging the Collin County indictment presently pending against him for criminal non-support.

These motions should be denied. As previously noted, venue is not proper in this Court with respect to any claims relating to the Collin County indictment. Similarly, any claim challenging the denial of good-time credits on Plaintiff's 180-day criminal contempt sentence is cognizable only in a habeas corpus action.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims against Defendants Mark E. Wewer, Monika Rubin (formerly Monika Bateman), Michael Rubin, and Bill Hill should be dismissed with prejudice as frivolous, and that Plaintiff's claims against Defendant John Roach be dismissed without prejudice. <u>See</u> 28 U.S.C. §§ 1915A(b)(1) and

1915(e)(2)(B)(i).[4]

It is further recommended that Plaintiff's motions to amend the complaint (docket # 4, 7, and 8) be denied and that Plaintiff's motion for leave to file exhibits (docket #9) be granted.

A copy of this recommendation will be mailed to Plaintiff Kyle Hamilton Bateman, c/o Sally J. Bateman, 4753 Old Bent Tree Lane, #503, Dallas, Texas 75287.

Signed this 7th day of December, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[4] If the District Court determines that Monika Rubin and Michael Rubin should not be dismissed because they cannot be held liable under 42 U.S.C. § 1983, Plaintiff's claims against them should be dismissed as frivolous but without prejudice to Plaintiff's refiling of the same at such time as the conditions set out in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), are met. See 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).